

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2006

# USA v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Robinson" (2006). *2006 Decisions.* Paper 743.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/743

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2072

UNITED STATES OF AMERICA

v.

EUGENE ROBINSON,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 03-cr-00385)
District Judge: Honorable Robert B. Kugler

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2006

Before: SLOVITER, McKEE and RENDELL, Circuit Judges.

(Filed July 14, 2006)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Eugene Robinson appeals his conviction under 18 U.S.C. § 876(c) for mailing

threatening communications. Robinson wrote three letters to a federal district court judge

from state prison while serving a life sentence without parole and was convicted on three criminal counts, one per letter. His appeal is limited to Count II, involving the second of three letters he wrote, and does not concern either of the other counts. On November 16, 2001, the judge received the second letter from Robinson. The letter was actually mailed to the judge "care of" the clerk of the court, who opened the letter and found a handwritten letter and a white powdery substance. During the trial in which Robinson waived his right to a jury, he explained that he intentionally wrote all three letters so that he would be indicted on a federal crime and would be transferred from state prison to federal prison because he said that he was being abused in state prison.

On appeal, Robinson argues that the evidence, with respect to Count II, was insufficient because it failed to establish the "threat to injure" element of the statute. He contends that the white powder included in his second letter to the judge does not constitute a threat of future injury, but rather, an attempt to scare the recipient by making the recipient think that they have been poisoned. Robinson acknowledges that this court already addressed his specific argument under the same statutory provision, 18 U.S.C. § 876(c), in *United States v. Zavrel*, 384 F.3d 130 (3d Cir. 2004), and that he raises the issue only in order to preserve it if *Zavrel* is overturned. In *Zavrel*, we stated that, "[a] reasonable person opening an envelope containing a white powdery substance, during the height of the anthrax crisis in this country, would doubtless fear immediate and future injury." *United States v. Zavrel*, 384 F.3d 130, 136 (3d Cir. 2004). We held that the mailing of such a substance constituted a threat to injure within the meaning of the

2

statute.  *Id.* at 137.  Accordingly, we will affirm the order of the District Court.